UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ADAM HARTMAN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:10-CV-528-TLS |
| | ) | |
| EBSCO INDUSTRIES, INC., | ) | |
| KK WARRANTY, INC., F/K/A, | ) | |
| MODERN MUZZLELOADING, INC., | ) | |
| d/b/a KNIGHT RIFLES, and PI, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment [ECF No. 48 at 1–3] filed by Defendant PI, Inc., on December 21, 2012. In its Motion, Defendant PI asserts that it "did not manufacture, sell, distribute, design or furnish any of the products made the subject of this suit." (Mot. for Summ. J. ¶ 4, ECF No. 48 at 2.) Defendant PI attached a copy of an Asset Purchase and Sale Agreement [ECF No. 48 at 5–11] to its Motion for Summary Judgment. In that Agreement, dated March 15, 2010, Defendant PI purchased certain assets from Defendant Modern Muzzleloading. The Agreement included a limitation of Defendant PI's liability as to Defendant Modern Muzzleloading's debts and liabilities. Defendant PI also attached to its Motion the Affidavit of Todd Harris [ECF No. 48 at 13]. In that Affidavit, dated September 19, 2011, Harris states that he is the Chief Financial Officer of Defendant PI and that Defendant PI had no involvement with the gun or the 209 Conversion Kit which are the subjects of this lawsuit. He also states that Defendant Modern Muzzleloading is indemnifying Defendant PI in this matter by means of an insurance policy.

The Plaintiff entered a Response [ECF No. 56] to Defendant PI's Motion on February 15,

2013. In his Response, the Plaintiff stated that he did not oppose Defendant PI's Motion for Summary Judgment on the understanding that Defendant Modern Muzzleloading was indemnifying Defendant PI through an insurance policy. The Plaintiff also referenced representations by counsel for Defendant PI. Defendant PI filed a Reply [ECF No. 59] on March 15, and requested that the Court base its conclusions on the record and not on statements regarding representations made by counsel in this matter.

At an in-person hearing held on June 17, 2013, the Plaintiff confirmed that he has no objection to Defendant PI's Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the facts supported by materials in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. The motion should be granted so long as no rational fact finder could return a verdict in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249–50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).

## ANALYSIS

It appears from the record before the Court that no genuine issues of material fact exist as to Defendant PI's Motion for Summary Judgment and that Defendant PI is entitled to judgment

as a matter of law. The Plaintiff agrees that judgment in favor of Defendant PI is appropriate. The Asset Purchase and Sale Agreement and the Affidavit of Todd Harris show that Defendant PI had no involvement with the products at issue in this case. Accordingly, the Court will grant Defendant PI's Motion for Summary Judgment.

## CONCLUSION

For the reasons discussed, the Court now GRANTS the Motion for Summary Judgment [ECF No. 48] filed by Defendant PI. The Court DIRECTS the Clerk to enter judgment in favor of Defendant PI, Inc., and against the Plaintiff, Adam Hartman.

SO ORDERED on June 20, 2013.

                                                            s/ Theresa L. Springmann
                                                            THERESA L. SPRINGMANN
                                                            UNITED STATES DISTRICT COURT
                                                            FORT WAYNE DIVISION